**Dismiss and Opinion Filed April, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00721-CV**

**BARBARA TENNELL, Appellant**
**V.**
**ARNS INVESTMENTS LLC, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-01870-B**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

We questioned our jurisdiction over this appeal from the county court's July 19, 2023 final judgment of eviction following foreclosure as it appeared appellant was no longer in possession of the premises at issue and the appeal had become moot. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 787 (Tex. 2006) (possession of premises is only issue in forcible detainer action; issue of possession becomes moot when tenant vacates property unless tenant has "potentially meritorious claim of right to current, actual possession"); *Olley v. HVM, L.L.C.*, 449 S.W.3d 573, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)

(appellate courts lack jurisdiction over moot controversies). Although appellant filed jurisdictional briefing at our request, she failed to demonstrate our jurisdiction over the appeal.[1] *See Marshall*, 198 S.W.3d at 785.

When, as here, a case becomes moot on appeal, the appellate court must set aside the trial court's judgment and dismiss the case. *See id.* at 785, 790. Accordingly, we vacate the trial court's final judgment and dismiss the case as moot. *See id.* at 790.

230721f.p05

/Amanda L. Reichek//
AMANDA L. REICHEK
JUSTICE

---

[1] Appellant makes a single assertion in her jurisdictional letter brief: that she vacated the premises after being served with a writ of possession, but the writ was wrongfully served. In support, she notes that, on August 8, 2023, she paid the supersedeas bond set by the county court in its August 2, 2023 order setting supersedeas bond.

Generally, enforcement of a judgment must be suspended if the judgment is superseded. *See* TEX. R. APP. P. 24.1(f). However, under Texas Property Code section 24.007, governing an appeal from a county court's final judgment of eviction, an eviction judgment cannot be stayed unless appellant supersedes the judgment within ten days of the judgment being signed. *See* TEX. PROP. CODE ANN. § 24.007. Although appellant superseded the judgment within ten days of the supersedeas order being signed, the deadline to supersede the judgment ran from the date the eviction judgment was signed, *see id.*, and appellant paid the supersedeas bond twenty days from that date. The judgment, therefore, could be enforced.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

BARBARA TENNELL, Appellant

No. 05-23-00721-CV    V.

ARNS INVESTMENTS LLC,
Appellee

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-23-01870-
B.
Opinion delivered by Justice
Reichek, Justices Goldstein and
Garcia participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's final judgment and **DISMISS** the case.

Judgment entered this 24th day of April, 2024.